UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20610-CR-WILLIAMS

UNITED STATES OF AMERICA,

vs.

NESTOR FAUSTINO URBAY BROCHE,

    Defendant.

_____/

## DETENTION ORDER

On October 9, 2014, this Court held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether the defendant, Nestor Faustino Urbay Broche, should be detained prior to trial.

Having considered the evidence presented at the pre-trial detention hearing, the Pre-trial Services Report, and the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure (1) the appearance of the Defendant as required if the Defendant is released on bond and (2) the

safety of any other person and the community.[1] Therefore, this Court orders the detention of the defendant prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. §3142(i)(1), this Court makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged by indictment dated August 28, 2014, with violating Title 21, United States Code, Section 841(a) and (b)(1)(C) and Title 18, United States Code, Sections 922(g), 924(c), 1028A and 1029(a)(3) and (a)(4).

2. Based on the offenses charged in the indictment, there are two statutory rebuttable presumptions in place that no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e)(3)(A) and (B).

3. The government proffered evidence that the defendant's residence was searched on November 7, 2013 following two controlled narcotics purchases in a Miami-Dade Police Department operation. Before the search was executed, the defendant was arrested with a female companion. As the detectives were preparing to conduct the search, the defendant spontaneously stated, "she don't live there,

---

[1] The government's burden of proof with respect to risk of flight or non-appearance is preponderance of the evidence. *United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988). The government's burden of proof with respect to proving that the defendant poses a danger to any other person and the community is clear and convincing evidence. 18 U.S.C. § 3142(f)(2); *King,* 849 F.2d at 489 n. 3.

2

everything belongs to me." During the search, officers found numerous firearms and ammunition, several of which were loaded, in three different areas of the house. A flash bang grenade was also seized. Officers also found cocaine that was packaged in a number of small plastic baggies near a loaded handgun in a bedroom nightstand. There was also more cocaine located elsewhere in the house. During the search, detectives found what appeared to be a counterfeit credit card making operation. The materials associated with this apparent access device fraud were seized and turned over to the United States Secret Service.

    After the search, the defendant orally waived his *Miranda* rights and stated he was responsible for everything inside the house except for the room which was the site of the counterfeit credit card making operation. Forensic analysis of digital devices found in that room was conducted pursuant to a federal search warrant, and yielded evidence of access device fraud, including the possession of approximately 750 unique credit card account numbers and device-making equipment. There were also pictures of the defendant taken from one of the digital devices that had device-making software installed on it. The weight of the evidence is certainly sufficient to support an order of pre-trial detention.

4. The defendant has a lengthy criminal history, including a number of arrests and convictions involving narcotics and firearms. The dangerous nature of the charges includes the use of a firearm in furtherance of a drug trafficking crime.

5. If convicted, the defendant has two prior controlled substance offenses that may qualify him as a career offender and lead to a guideline range of 360 months to life imprisonment. Even if the defendant does not qualify as a career offender, if convicted of these charges, he is facing a very substantial sentence with a conservative guideline range estimate of 70 to 87 months' imprisonment and a required consecutive imposition of 84 months' imprisonment based on the charges under Title 18, United States Code, Sections 924(c) and 1028A.

6. Based on the above findings of fact, this Court finds that a preponderance of the evidence supports the conclusion that no condition or combination of conditions would reasonably assure the appearance of the defendant as required if the defendant were to be released on bond. This Court also finds by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of any other person and the community if the defendant were to be released on bond.

7. This Court also finds that the defendant did not rebut the statutory presumptions that were in place. This is, in and of itself, sufficient for a detention order.

The Court hereby directs that:

a. The defendant be detained without bond;

b. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons waiting or serving sentences or being held in custody pending appeal;

c. The defendant be afforded reasonable opportunity for private consultation with counsel;

d. On order of a court of the United States or on request of an attorney for the government, that the person in charge of the corrections facility in which the defendant is confined, shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

**DONE AND ORDERED** in Chambers, in Miami, Florida, October 15, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
All Counsel of Record
Pretrial Services
U.S. Marshals Service